## GENERAL COURT, OCTOBER TERM, 1805.

### WILLIAMS's Ex'r. *vs.* WILLIAMS.

The plea of payment to an action of debt on a bond cannot be withdrawn to plead *nil debet*. It may be to plead *non est factum*, on the payment of costs. ACTION of *debt* brought in Calvert county court, and removed to this court by a writ of *habeas corpus cum causa*. At May term 1804 the defendant pleaded *payment*, to which there was the general replication, and issue was joined.

*Key*, for the defendant, at this term stated, that it was an action of debt to recover the amount of a bond stated to be improperly gotten possession of by the defendant. That the clerk, as a matter of course, under the general directions of the bar, in complying with the rule laid on the defendant to plead, as no other plea was put in, entered the general issue plea of *payment*.

He moved the court to give him permission to withdraw the plea of payment, for the purpose of pleading *nil debet*.

*Duckett*, for the plaintiff, objected to the leave being granted. He stated that it was not usual to grant such leave, unless for the purpose of giving the defendant liberty of pleading some plea going to the

merits—and the principle laid down is, that the court will not suffer *nil debet* to be pleaded unless it goes to the merits. He cited *Bull. N. P.* 170. 2 *Ld. Ray.* 1500. If this case is considered with reference to the cases cited, the plea of *nil debet* could not be pleaded. If the defendant has paid the bond, the plea which he has pleaded is the proper one. If he did not execute the bond, he can plead *non est factum.* 5 *Burr.* 2586.

*Johnson,* on the same side. If the defendant never did owe the money, he can plead *non est factum,* for if he never owed the money he could not have executed the bond. If he was permitted to plead *nil debet,* the proof would lie on the plaintiff to establish the execution of the bond which the defendant has obtained possession of, and is not in the power of the plaintiff. 3 *T. R.* 151. 1 *Fonb.* 14, *(note.)*

*Key,* in reply. If the bond is lost, one of three actions may be sustained—either *trover* or *detinue,* where the bond, date and sum, must be proved—or debt, where there must be also proof of the date and sum. The declaration in this case is for a bond of a blank *date, month* and *year.* There may be several bonds. The defendant could not plead *non est factum.* The specialty is not the foundation of the action, it is matter of inducement; and if the bond is the foundation, it ought to be produced—being the inducement it must be set out particularly. An action cannot be sustained unless it is proved the bond is lost, and *nil debet* is the proper plea. Under the plea of payment nothing can be given in evidence but payment. That plea admits the execution of the bond, which would not be a trial of the merits.

*Johnson.* In 3 *T. R.* 151, the date of the release is not set out in the fourth plea—it is stated to be lost. There was a demurrer to the plea, which the court overruled. The bond is there stated to be lost by time and accident. In the case before the court the bond is stated to be taken by fraud. The plea of *non est factum* would be a plea to the merits.

Oct. 1805.

Williams
vs.
Williams.

*Key.* There was a special demurrer in the case in 3 *T. R.* 151, and the point was, whether at any time there could be a recovery without profert. But in the present case there must be proof of the execution of the bond of *such a date,* and that the defendant fraudulently got possession of it.

CHASE, Ch. J. If the plea has been put in by the clerk, at the request of counsel, it is to stand as the plea of the counsel. The court cannot give leave to withdraw the plea to permit the defendant to plead *nil debet.* The plea of *non est factum* would be a full defence. If it had been pleaded and demurred to, the court would have adjudged it the proper plea, and overruled the demurrer.

*Key,* then moved the court for leave to withdraw the plea of payment for the purpose of pleading *non est factum.*

GRANTED by the court, on payment of the costs which have accrued at the present term.